IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

BRENT T. JACKSON,                    )

           )

        Relator,              )

           )

vs.                         )     No.  3:10-cv-00456-GPM-PMF

           )

HUSKY CORPORATION,         )

           )

        Defendant.        )

_____

## COMPLAINT

_____

Relator Brent T. Jackson ("Relator"), by and through the undersigned attorneys, for his Complaint against Defendant Husky Corporation ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.       This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2.       As set forth in detail below, Defendant has violated 35 U.S.C. § 292(a) by falsely advertising and/or marking articles with expired patents for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely advertised and/or marked patents.

3.       Relator seeks an award of monetary damages against Defendant, one-half of which shall be paid to the United States, the other half of which shall be paid to Relator pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4.      Relator Brent T. Jackson is a natural person and citizen and resident of the Southern District of Illinois.

5.      Defendant Husky Corporation is a corporation organized and existing under the laws of Missouri, having its principal place of business at 2325 Husky Way, Pacific, Missouri, 63069.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7.      Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District.  Upon information and belief, such sales are substantial, continuous, and systematic.

8.      Relator has standing to bring this action under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false advertising in connection with any unpatented articles and/or marking of patents.

## BACKGROUND

9.      The false marking patent statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights.  As summarized by the Federal Circuit, the patent marking statute exists to:  1) help avoid innocent infringement of patent articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented.  *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

10.     When a patent expires, all monopoly rights in the patent terminate irrevocably.  Therefore, a product marked with an expired patent is not protected by such expired patent.

11.     Falsely advertising an article or falsely marking an article with an expired patent harms the public interest in numerous ways, including:

    a.     Stifling competition in the marketplace and deterring innovation;

    b.     Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

    c.     Unnecessary increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

    d.     Deterring competitors from entering the market with competing articles;

    e.     Permitting the patentee to impermissibly extend the term of its monopoly; and,

    f.     Confusing and misleading the public, as the expiration date of a U. S. Patent is not easily ascertainable by the public at the time of purchase.  Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

**THE EXPIRED PATENTS**

12.     U.S. Patent No. 4,615,547 ("the '547 Patent") entitled MULTI-PLANE SWIVEL CONNECTOR, was filed on November 24, 1982, and issued on October 7, 1986.  A true and correct copy of the '547 Patent is attached as Exhibit 1 to this Complaint.

13.     The '547 Patent expired no later than October 7, 2003.

14.     U.S. Design Patent 268,612 ("the '612 Patent"), entitled SWIVEL CONNECTOR FOR HOSE OR THE LIKE, was filed on June 16, 1980, and issued on April 12, 1983.  A true and correct copy of the '612 Patent is attached as Exhibit 2 to this Complaint.

15.     The '612 Patent expired no later than April 12, 1997.

16.     U.S. Patent No. 4,010,781, ("the '781 Patent") entitled GASOLINE DISPENSING NOZZLE GUARD WITH SPOUT ENCLOSURE AND VAPOR RETURN LINE, was filed on March 31, 1975, and issued on March 8, 1977.  A true and correct copy of the '781 Patent is attached as Exhibit 3 to this Complaint.

17.     The '781 Patent expired no later than March 31, 1995.

18.     U.S. Patent No. 4,658,987, ("the '987 Patent") entitled NO PRESSURE SHUT OFF FOR AUTOMATIC FUEL NOZZLE VALVE, was filed on September 9, 1985, and was issued on April 21, 1987.  A true and correct copy of the '987 Patent is attached as Exhibit 4 to this Complaint.

19.     The '987 Patent expired no later than September 9, 2005.

20.     U.S. Patent No. 4,809,753, ("the '753 Patent") entitled ATTITUDE CONTROL DEVICE FOR FUEL DISPENSING NOZZLE, was filed on July 22, 1985, and issued on March 7, 1989.  A true and correct copy of the '753 Patent is attached as Exhibit 5 to this Complaint.

21.     The '753 Patent expired no later than March 7, 2006.

22.     U.S. Patent No. 4,827,977, ("the '977 Patent") entitled BREAKAWAY
HOSE COUPLING, was filed on October 11, 1988, and issued on May 9, 1989.  A true
and correct copy of the '977 Patent is attached as Exhibit 6 to this Complaint.

23.     The '977 Patent expired no later than October 11, 2008.

24.     U.S. Patent No. 4,825,916, ("the '916 Patent") entitled FLOW CONTROL
VALVE, was filed on February 16, 1988, and issued on May 2, 1989.  A true and correct
copy of the '916 Patent is attached as Exhibit 7 to this Complaint.

25.     The '916 Patent expired no later than February 10, 2008.

26.     U.S. Design Patent No. 301,366, ("the '366 Patent") entitled
DISPENSING NOZZLE BODY, was filed on May 9, 1986, and issued on May 30, 1989.
A true and correct copy of the '366 Patent is attached as Exhibit 8 to this Complaint.

27.     The '366 Patent expired no later than May 20, 2003.

28.     U.S. Patent No. 4,667,883, ("the '883 Patent") entitled BUTTERFLY
VALVE FOR FLUID FLOW LINE, was filed on December 17, 1984, and issued on
May 26, 1987.  A true and correct copy of the '883 Patent is attached as Exhibit 9 to this
Complaint.

29.     Upon information and belief, the '883 Patent expired no later than
May 26, 1995 for Defendant's failure to pay the second maintenance fee.

30.     U.S. Patent No. 4,828,183, ("the '183 Patent") entitled BUTTERFLY
VALVE FOR FLUID FLOW LINE, was filed on May 22, 1987, and issued on May 9,
1989.  A true and correct copy of the '183 Patent is attached as Exhibit 10 to this
Complaint.

31.     Upon information and belief, the '183 Patent expired no later than May 9,
1993 for Defendant's failure to pay the first maintenance fee.

32.    U.S. Patent No. 4,596,278, ("the '278 Patent") entitled BALANCED, TWO-STAGE POPPET VALVE FOR FUEL DISPENSING NOZZLE, was filed on October 11, 1985, and issued on June 24, 1986.  A true and correct copy of the '278 Patent is attached as Exhibit 11 to this Complaint.

33.    The '278 Patent expired no later than August 11, 2003.

## GENERAL ALLEGATIONS

34.    Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 33 of this Complaint.

35.    Upon information and belief, Defendant makes, sells, or has made and has sold, a variety of products for sale to distributors and retailers and for use by the consuming public.

36.    Upon information and belief, Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

37.    Upon information and belief, because of the nature of its business, Defendant actively seeks and maintains a number of patents.

38.    Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

39.    Upon information and belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

40.    Upon information and belief, as a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

41.      Upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, products with at least one expired patent and even advertises and/or marks their products with multiple expired patents.

42.      Upon information and belief, Defendant knowingly allowed patents to expire by failing to pay a "Maintenance Fee," yet continued to consciously and deceptively advertise and/or mark products with those Patents it had knowingly allowed to expire with the conscious intent to deceive others.

43.      Upon information and belief, Defendant is well-aware that it commits a violation of 35 U.S.C. 292(a) by advertising expired patents as Defendant has several products in its Catalog where it specifically indicates that the product is not covered by a patent, *e.g.* by indicating "N/A" in the place designated for the applicable patent number or by leaving off any patent information when advertising its product.  (*See* Husky XS® BSPP Nozzle, pg. 2-21 attached hereto as Exhibit 12;  *See also*, Husky 1690 High Volume Automatic Shut-Off Nozzle, pg. 3-3A attached hereto as Exhibit 13.)

44.      Upon information and belief, Defendant revised its catalogue in May 2009, and included the below-mentioned patents with full knowledge that all patents listed therein were expired and with the conscious intent to deceive others.

## COUNT I – False Marking of the '547 Patent

45.      Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

46.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '547 Patent:

      a.     The "HUSKY SWIVELS (For Standard Fuel Nozzles)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 14 to this Complaint.

      b.     The "HUSKY SWIVELS (E85 Fueling)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 15 to this Complaint.

      c.     The "HUSKY SWIVELS (For Truck and High Volume Fueling)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 16 to this Complaint.

47.     As more fully set forth in Exhibits 14-16, Defendant advertised the '547 Patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its Husky Swivels as "Patented."   Upon information and belief, and as seen on Exhibits 14-16, the instances of false marking as shown in Exhibits 14-16 are representative and not exhaustive of all of the uses of the '547 Patent.

48.     Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

49.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or

mark with the '547 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

50.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '547 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '547 Patent.  Upon information and belief, Defendant intentionally included the '547 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

51.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

52.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

53.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '547 Patent without a reasonable belief that such products were covered by the '547 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT II – False Marking of the '612 Patent

54.     Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

55.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '612 Patent:

       a.     The "HUSKY SWIVELS (For Standard Fuel Nozzles)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 14 to this Complaint.

       b.     The "HUSKY SWIVELS (E85 Fueling)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 15 to this Complaint.

56.     As more fully set forth in Exhibits 14-15, Defendant advertised the '612 Patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its  Husky Swivels  as "Patented."   Upon information and belief, and as seen on Exhibits 14-15, the instances of false marking as shown in Exhibits 14-15 are representative and not exhaustive of all of the uses of the '612 Patent.

57.     Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

58.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '612 Patent are not covered by the expired patent as advertised, or otherwise marked on its product because expired patents have no monopoly rights.

59.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '612 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '612 Patent.  Upon information and belief, Defendant intentionally included the '612 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

60.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

61.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

62.     Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '612 Patent without a reasonable belief that such products were covered by the '612 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

**COUNT III – False Marking of the '781 Patent**

63.     Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

64.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '781 Patent:

a.     The "HUSKY V34 NOZZLE" (Vacuum Assist Nozzle).  A
photocopy of the advertisement for said product is attached hereto
as Exhibit 17 to this Complaint.

b.     The "HUSKY V3 NOZZLE" (Vacuum Assist Nozzle).  A
photocopy of the advertisement for said product is attached hereto
as Exhibit 18 to this Complaint.

c.     The "HUSKY V34 ORVR NOZZLE" (Vacuum Assist Nozzle).
A photocopy of the advertisement for said product is attached
hereto as Exhibit 19 to this Complaint.

d.     The "HUSKY V34i NOZZLE" (Automatic Shut Off Vacuum
Assist Nozzle). A photocopy of the advertisement for said product
is attached hereto as Exhibit 20 to this Complaint.

e.     The "HUSKY V34iS NOZZLE" (Pressure Activated Automatic
Vacuum Assist Nozzle).  A photocopy of the advertisement for
said product is attached hereto as Exhibit 21 to this Complaint.

65.     As more fully set forth in Exhibits 17-21, Defendant advertised the '781
Patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its afore-
mentioned Husky Nozzles as "Patented."   Upon information and belief, and as seen on
Exhibits 17-21, the instances of false marking as shown in Exhibits 17-21 are
representative and not exhaustive of all of the uses of the '781 Patent.

66.     Defendant knows, or reasonably should have known, that the purpose of
advertising or otherwise marking a product with a patent number is to put competitors

and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

67.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '781 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

68.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '781 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '781 Patent.  Upon information and belief, Defendant intentionally included the '781 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

69.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

70.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

71.     Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '781 Patent without a reasonable belief that such products were covered by the '781 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT IV – False Marking of the '987 Patent

72.    Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

73.    Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '987 Patent:

      a.    The "HUSKY V34 NOZZLE" (Vacuum Assist Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 17 to this Complaint.

      b.    The "HUSKY V3 NOZZLE" (Vacuum Assist Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 18 to this Complaint.

      c.    The "HUSKY V34 ORVR NOZZLE" (Vacuum Assist Nozzle). A photocopy of the advertisement for said product is attached hereto as Exhibit 19 to this Complaint.

      d.    The "HUSKY V34i NOZZLE" (Automatic Shut Off Vacuum Assist Nozzle). A photocopy of the advertisement for said product is attached hereto as Exhibit 20 to this Complaint.

      e.    The "HUSKY V34iS NOZZLE" (Pressure Activated Automatic Vacuum Assist Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 21 to this Complaint.

f.      The "HUSKY XS NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 22 to this Complaint.

g.      The "HUSKY XS MFM NOZZLE"  (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 23 to this Complaint.

h.      The "HUSKY XS DOUBLE POPPET NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 24 to this Complaint.

i.      The "HUSKY XS COLD WEATHER NOZZLE"  (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 25 to this Complaint.

j.      The "HUSKY X COLD WEATHER NOZZLE"  (Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 26 to this Complaint.

k.      The "HUSKY XS E85 NOZZLE" (E85 Pressure Activated Automatic nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 27 to this Complaint.

l.      The "HUSKY XS E85 COLD WEATHER NOZZLE" (Pressure Activated Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 28 to this Complaint.

m.    The "HUSKY X E85 NOZZLE" (E85 Automatic Nozzle).   A photocopy of the advertisement for said product is attached hereto as Exhibit 29 to this Complaint.

n.    The "HUSKY X E85 COLD WEATHER NOZZLE"  (Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 30 to this Complaint.

o.    The "HUSKY XS REBUILT NOZZLE"  (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 31 to this Complaint.

p.    The "HUSKY X REBUILT NOZZLE"  (Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 32 to this Complaint.

q.    The "HUSKY VIII*S*" (High Volume Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 33 to this Complaint.

r.    The "HUSKY VIII" (High Volume Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 34 to this Complaint.

s.    The "HUSKY VIII COLD WEATHER NOZZLE" (High Volume Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 35 to this Complaint.

t.    The "HUSKY VIIIS COLD WEATHER NOZZLE"  (High Volume Pressure Activated Automatic Nozzle). A photocopy of

the advertisement for said product is attached hereto as Exhibit 36 to this Complaint.

74.     As more fully set forth in Exhibit 17-36, Defendant advertised the '987 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its Husky Nozzles as "Patented."   Upon information and belief, and as seen on Exhibits 17-36, the instances of false marking as shown in Exhibits 17-36 are representative and not exhaustive of all of the uses of the '987 Patent.

75.     Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

76.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '987 Patent are not covered by the expired patent as advertised, or otherwise marked on its product because expired patents have no monopoly rights.

77.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '987 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '987 Patent.  Upon information and belief, Defendant intentionally included the '987 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

78.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

79.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

80.     Thus, by advertising and/or marking and continuing to advertise or otherwise mark products with the '987 Patent without a reasonable belief that such products were covered by the '987 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT V – False Marking of the '753 Patent

81.     Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

82.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '753 Patent:

      a.     The "HUSKY V34 NOZZLE" (Vacuum Assist Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 17 to this Complaint.

      b.     The "HUSKY V3 NOZZLE" (Vacuum Assist Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 18 to this Complaint.

c.      The "HUSKY V34 ORVR NOZZLE" (Vacuum Assist Nozzle).
A photocopy of the advertisement for said product is attached
hereto as Exhibit 19 to this Complaint.

d.      The "HUSKY V34i NOZZLE" (Automatic Shut Off Vacuum
Assist Nozzle).  A photocopy of the advertisement for said product
is attached hereto as Exhibit 20 to this Complaint.

e.      The "HUSKY V34iS NOZZLE" (Pressure Activated Automatic
Vacuum Assist Nozzle).  A photocopy of the advertisement for
said product is attached hereto as Exhibit 21 to this Complaint.

f.      The "HUSKY VIII*S*" (High Volume Pressure Activated Automatic
Nozzle).  A photocopy of the advertisement for said product is
attached hereto as Exhibit 33 to this Complaint.

g.      The "HUSKY VIII" (High Volume Automatic Shut-Off Nozzle).
A photocopy of the advertisement for said product is attached
hereto as Exhibit 34 to this Complaint.

h.      The "HUSKY VIII COLD WEATHER NOZZLE" (High Volume
Automatic Shut-Off Nozzle).  A photocopy of the advertisement
for said product is attached hereto as Exhibit 35 to this Complaint.

i.      The "HUSKY VIIIS COLD WEATHER NOZZLE"  (High
Volume Pressure Activated Automatic Nozzle).  A photocopy of
the advertisement for said product is attached hereto as Exhibit 36
to this Complaint.

j.    The "HUSKY 1A NOZZLE" (Automatic Nozzle).  A photocopy of the advertisements for said products are attached hereto as Exhibits 37 and 38 to this Complaint.

k.    The "HUSKY 1-HS (Automatic Shut-Off Nozzle)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 39 to this Complaint.

83.    As more fully set forth in Exhibits 17-21 and 33-39, Defendant advertised the '753 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its Husky Nozzles as "Patented."   Upon information and belief, and as seen on Exhibits 17-21 and 33-39, the instances of false marking as shown in Exhibits 17-21 and 33-39 are representative and not exhaustive of all of the uses of the '753 Patent.

84.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

85.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '753 Patent are not covered by the expired patent as advertised, or otherwise marked on its product because expired patents have no monopoly rights.

86.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '753 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '753 Patent.  Upon information and belief, Defendant intentionally included the '753

Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

87.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

88.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

89.     Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '753 Patent without a reasonable belief that such products were covered by the '753 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT VI – False Marking of the '977 Patent

90.     Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

91.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '977 Patent:

> a.      The "HUSKY SAFE-T-BREAK® VALVES" (Vacuum Assist
>
> Vapor Recovery.  A photocopy of the advertisement for said
>
> product is attached hereto as Exhibit 40 to this Complaint.

b. The "HUSKY SAFE-T-BREAK® VALVES" (Balance Vapor Recovery).  A photocopy of the advertisement for said product is attached hereto as Exhibit 41 to this Complaint.

c. The "HUSKY SAFE-T-BREAK® VALVES" (For Standard Fueling Applications).  A photocopy of the advertisement for said product is attached hereto as Exhibit 42 to this Complaint.

d. The "HUSKY SAFE-T-BREAK® VALVES" (E85 Fueling).  A photocopy of the advertisement for said product is attached hereto as Exhibit 43 to this Complaint.

e. The "HUSKY SAFE-T-BREAK® VALVES" (For Truck and High Volume Fueling).  A photocopy of the advertisement for said product is attached hereto as Exhibit 44 to this Complaint.

92. As more fully set forth in Exhibits 40-44, Defendant advertised the '977 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its SAFE-T-BREAK® VALVES as patented.  Upon information and belief, and as seen on Exhibits 40-44, the instances of false marking as shown in Exhibits 40-44 are representative and not exhaustive of all of the uses of the '977 Patent.

93. Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

94. Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or

mark with the '977 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

95.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '977 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '977 Patent.  Upon information and belief, Defendant intentionally included the '977 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

96.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

97.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

98.    Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '977 Patent without a reasonable belief that such products were covered by the '977 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT VII – False Marking of the '916 Patent

99.    Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

100.    Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to

be marked, at least the following products with the '916 Patent:

a.   The "HUSKY XS® NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 22 to this Complaint.

b.   The "HUSKY XS® MFM NOZZLE" (Pressure Activated Automatic Nozzle).  (A photocopy of the advertisement for said product is attached hereto as Exhibit 23 to this Complaint.

c.   The "HUSKY XS® DOUBLE POPPET NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 24 to this Complaint.

d.   The "HUSKY XS COLD WEATHER NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 25 to this Complaint.

e.   The "HUSKY X COLD WEATHER NOZZLE" (Automatic Nozzle).   A photocopy of the advertisement for said product is attached hereto as Exhibit 26 to this Complaint.

f.   The "HUSKY XS E85 COLD WEATHER NOZZLE"  (Pressure Activated Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 28 to this Complaint.

g.   The "HUSKY X E85 COLD WEATHER NOZZLE"  (Automatic Shut-Off Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 30 to this Complaint.

h.      The "HUSKY XS® REBUILT NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 31 to this Complaint.

i.      The "HUSKY X REBUILT NOZZLE" (Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 32 to this Complaint.

j.      The "HUSKY X NOZZLE" (Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 45 to this Complaint.

k.      The "HUSKY X DOUBLE POPPET NOZZLE" (Automatic Nozzle).   A photocopy of the advertisement for said product is attached hereto as Exhibit 46 to this Complaint.

l.      The "HUSKY X BSPP NOZZLE" (Automatic Nozzle). A photocopy of the advertisement for said product is attached hereto as Exhibit 47 to this Complaint.

101.    As more fully set forth in Exhibits 22-26, 28, 30-32 and 45-47, Defendant advertised the '916 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its Husky nozzles as "patented."  Upon information and belief, and as seen on Exhibits 22-26, 28, 30-32 and 45-47, the instances of false marking as shown in Exhibits 22-26, 28, 30-32 and 45-47 are representative and not exhaustive of all of the uses of the '916 Patent.

102.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

103.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '916 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

104.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '916 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '916 Patent.  Upon information and belief, Defendant intentionally included the '916 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

105.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

106.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

107.    Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '916 Patent without a reasonable belief that such products were covered by the '916 Patent, Defendant has injured the sovereign interests of the United

States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT VIII – False Marking of the '366 Patent

108.   Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

109.   Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '366 Patent:

a.   The "HUSKY XS® NOZZLE"  (Pressure Activated Automatic Nozzle). A photocopy of the advertisement for said product is attached hereto as Exhibit 22 to this Complaint.

b.   The "HUSKY XS® MFM NOZZLE"  (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 23 to this Complaint.

c.   The "HUSKY XS® DOUBLE POPPET NOZZLE" (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 24 to this Complaint.

d.   The "HUSKY XS COLD WEATHER NOZZLE"  (Pressure Activated Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 25 to this Complaint.

e.   The "HUSKY X COLD WEATHER NOZZLE"  (Automatic Nozzle).  A photocopy of the advertisement for said product is attached hereto as Exhibit 26 to this Complaint.

f.   The "HUSKY XS E85 NOZZLE" (E85 Pressure Activated
     Automatic Nozzle).  A photocopy of the advertisement for said
     product is attached hereto as Exhibit 27 to this Complaint.

g.   The "HUSKY XS E85 COLD WEATHER NOZZLE" (Pressure
     Activated Automatic Shut-Off Nozzle).  A photocopy of the
     advertisement for said product is attached hereto as Exhibit 28 to
     this Complaint.

h.   The "HUSKY X E85 NOZZLE" (E85 Automatic Nozzle).  A
     photocopy of the advertisement for said product is attached hereto
     as Exhibit 29 to this Complaint.

i.   The "HUSKY X E85 COLD WEATHER NOZZLE" (Automatic
     Shut-Off Nozzle).   A photocopy of the advertisement for said
     product is attached hereto as Exhibit 30 to this Complaint.

j.   The "HUSKY XS REBUILT NOZZLE" (Pressure Activated
     Automatic Nozzle).  A photocopy of the advertisement for said
     product is attached hereto as Exhibit 31 to this Complaint.

k.   The "HUSKY X REBUILT NOZZLE" (Automatic Nozzle).  A
     photocopy of the advertisement for said product is attached hereto
     as Exhibit 32 to this Complaint.

l.   The "HUSKY X NOZZLE" (Automatic Nozzle).  A photocopy of
     the advertisement for said product is attached hereto as Exhibit 45
     to this Complaint.

      m.      The "HUSKY X DOUBLE POPPET NOZZLE" (Automatic

                 Nozzle).  A photocopy of the advertisement for said product is

                 attached hereto as Exhibit 46 to this Complaint.

      n.      The "HUSKY X BSPP NOZZLE"  (Automatic Nozzle).  A

                 photocopy of the advertisement for said product is attached hereto

                 as Exhibit 47 to this Complaint.

110.    As more fully set forth in Exhibits 22-32 and 45-47, Defendant advertised the '366 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its products as "patented."   Upon information and belief, and as seen on Exhibits 22-32 and 45-47, the instances of false marking as shown in Exhibits 22-32 and 45-47 are representative and not exhaustive of all of the uses of the '366 Patent.

111.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

112.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '366 Patent are not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

113.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '366 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '366 Patent.  Upon information and belief, Defendant intentionally included the '366

Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

114.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

115.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

116.    Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '366 Patent without a reasonable belief that such products were covered by the '366 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT IX – False Marking of the '883 Patent

117.    Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

118.    Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '883 Patent:

      a.    The "HUSKY SAFE-T-BREAK VALVES (For Standard Fueling Applications)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 42 to this Complaint.

b.      The "HUSKY SAFE-T-BREAK VALVES (E85 Fueling)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 43 to this Complaint.

119.    As more fully set forth in Exhibits 42-43, Defendant advertised the '883 patent as recently as June 15, 2010, in its "on-line" catalogue and advertised its Husky valves as "patented."   Upon information and belief, and as seen on Exhibits 42-43, the instances of false marking as shown in Exhibits 42-43 are representative and not exhaustive of all the uses of the Patent.

120.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

121.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '883 Patent are not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

122.    Upon information and belief, Defendant has advertised, marked and continues to advertised or otherwise mark its products with the '883 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '883 Patent.  Upon information and belief, Defendant intentionally included the '883 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

123.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

124.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

125.     Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '883 Patent without a reasonable belief that such products were covered by the '883 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT X – False Marking of the '183 Patent

126.     Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

127.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '183 Patent:

a.     The "HUSKY SAFE-T-BREAK VALVES (For Standard Fueling Applications)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 42 to this Complaint.

b.     The "HUSKY SAFE-T-BREAK VALVES (E85 Fueling)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 43 to this Complaint.

128.    As more fully set forth in Exhibits 42-43, Defendant advertised the '183 patent as recently as June 15, 2010, in its "on-line" catalogue and advertised its Husky swivels as "patented."   Upon information and belief, and as seen on Exhibits 42-43, the instances of false marking as shown in Exhibits 42-43 are representative and not exhaustive of all the uses of the '183 Patent.

129.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

130.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '183 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

131.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '183 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '183 Patent.  Upon information and belief, Defendant intentionally included the '183 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

132.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

133.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

134.    Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '183 Patent without a reasonable belief that such products were covered by the '183 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT XI – False Marking of the '278 Patent

135.    Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 44 of this Complaint.

136.    Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or causes to be marked, at least the following products with the '278 Patent:

    a.    The "HUSKY VIII*S* (High Volume Pressure Activated Automatic Nozzle)." A photocopy of the advertisement for said product is attached hereto as Exhibit 33 to this Complaint.

    b.    The "HUSKY VIII (High Volume Automatic Shut-Off Nozzle)." A photocopy of the advertisement for said product is attached hereto as Exhibit 34 to this Complaint.

    c.    The "HUSKY VIII COLD WEATHER NOZZLE (High Volume Automatic Shut-Off Nozzle)." A photocopy of the advertisement for said product is attached hereto as Exhibit 35 to this Complaint.

      d.     The "HUSKY VIIIS COLD WEATHER NOZZLE (High Volume Pressure Activated Automatic Nozzle)."  A photocopy of the advertisement for said product is attached hereto as Exhibit 36 to this Complaint.

137.    As more fully set forth in Exhibits 33-36, Defendant advertised the '278 patent as recently as June 15, 2010 in its "on-line" catalogue and advertised its Husky nozzles as "patented."   Upon information and belief, and as seen on Exhibits 33-36, the instances of false marking shown in Exhibits 33-36 are representative and not exhaustive of all the uses of the '278 Patent.

138.    Defendant knows, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

139.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '278 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

140.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '278 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '278 Patent.  Upon information and belief, Defendant intentionally included the '278 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

141.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

142.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefitted commercially and financially.

143.    Thus, by advertising, marking and continuing to advertise or otherwise mark products with the '278 Patent without a reasonable belief that such products were covered by the '278 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Relator prays that this Court enter judgment in his favor and against Defendant as follows:

A.    Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

B.    Order Defendant to pay a civil monetary fine of $500.00 for each false advertising or marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C.    Order Defendant to provide an accounting for any falsely advertised and/or marked products not presented at trial and a monetary award set by the Court for such falsely marked articles;

D.    Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and,

E.      Grant Relator any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,


  /s/  David Cates
JUDY L. CATES # 00414743
DAVID CATES #06289198
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:      (618) 277-3644
Facsimile:      (618) 377-7882
E-mail:         jcates@cateslaw.com
                dcates@cateslaw.com

**Attorney for Relator, Brent T. Jackson**